The Honorable Becky Lynn State Representative P.O. Box 450 Heber Springs, Arkansas 72543
Dear Representative Lynn:
This is in response to your request for an opinion on the following question:
 Officers of the Heber Springs Police Department raise funds for flowers, cookouts, and retirements gifts by calendar sales. They receive 45% of the amount of advertising sales. Are these funds public funds, required to be deposited into the city general fund, or are these funds private funds of the individual officers?
 If these funds are considered `public,' would it change the answer if the police officers organized a nonprofit association, and used the calendar sales method of fundraising to produce funds for use by the nonprofit association and its activities in support of its members?
It is my understanding that a private calendar company supplies the calendar. The officers then solicit advertising for the calendar from local businesses. The calendar company collects the advertising dollars from the merchants and remits forty-five percent of the funds to the police officers. The calendar company keeps the remaining fifty-five percent. The money is used by the officers to purchase items which either cannot, or will not be purchased by the City with City funds.
It is my opinion that the funds in question are not public funds and are not required to be deposited into the City general fund.
A similar question was addressed in Op. Att'y Gen. 89-082 (copy enclosed) in which it was noted that there is no Arkansas law precisely on point. In that opinion, it was concluded that funds raised by the "Faulkner County Emergency Squad" (a nonprofit corporation which assisted local law enforcement officers in emergency situations) from private donations and fundraising events, were not "county funds" and as such the county had no right to exercise authority over them. It is my opinion, similarly, that the moneys collected from fund-raising events such as the calendar you mention are not City funds.
In light of my response to your first question, a response to the second part of your question regarding organization as a nonprofit association is unnecessary. I will note, however, that to the extent the police officers in question raise more than ten thousand dollars a year, they may be required to register with this office as a "charitable organization."See A.C.A. §§ 4-28-404 and 4-28-408(c).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh